UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LEE SNYDER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 1:24-cv-20

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits and Social Security Income under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation (ECF No. 13). Defendant did not file a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

As the Magistrate Judge stated, the scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision (R&R, ECF No. 12 at PagID.2192–93 (citing *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.

1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984))). Substantial evidence is more than a scintilla but less than a preponderance (*id.* at PageID.2193 (citing *Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992))). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion (*id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993))). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight (R&R, ECF. No. 12 at PageID.2193 (citing *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984))).

With this standard in mind, the Court turns to Plaintiff's two objections.

***Evaluation of Psychological Examiners' Report.*** On appeal, Plaintiff argued that the Administrative Law Judge ("ALJ")'s finding that Plaintiff has the residual functional capacity ("RFC") to perform light work, with additional limitations, is unsupported by substantial evidence. Specifically, Plaintiff contended that the ALJ "mischaracterized" a psychological examination report, that the ALJ "did not conduct a proper supportability analysis," and "the ALJ's consideration of the important factor of consistency was inadequate" (ECF No. 9 at 16–17). The Magistrate Judge rejected these arguments. In his objections, Plaintiff does not challenge the Magistrate Judge's conclusions as to the psychological examination report supportability and consistency analyses. Plaintiff does challenge the Magistrate Judge's conclusion as to the ALJ's alleged mischaracterization of a psychological examination report, reiterating the argument that the ALJ "clearly mischaracterized the evidence to support his conclusion" (ECF No. 13 at 3).

The psychological examination report at issue (ECF No. 5-3 at PageID.1118-21) concluded that Plaintiff's "ability to respond to demands, adapt to changes and sustain focus in the workplace would have marked limitations at this time" (*id.* at PageID.1121). The ALJ characterized this

report as "less persuasive" than other evidence in the record in part because "[t]he history given to the examiner does not mention [Plaintiff's] part time work" (ECF No. 5-2 at PageID.45). Plaintiff contends that this characterization was erroneous because the psychological examination report does, in fact, acknowledge Plaintiff's part-time employment (*see* ECF No. 5-30 at PageID.1118). The Magistrate Judge took the position that the ALJ's characterization was correct because the ALJ was indicating that Plaintiff's given history for the psychological examination did not mention a different, and seemingly more strenuous, part-time manufacturing job that is recorded in a physician's record from approximately three months later (R&R, ECF No. 12 at PageID.2199–2000 (referring to the physician's record (ECF No. 5-30 at PageID.1189))).

Even assuming *arguendo* that the ALJ did mistakenly believe that the two authors of the psychological examination report were not aware of Plaintiff's continued part-time employment, the ALJ provided additional rationale for his weighing of the examiners' report. Of these rationales, arguably the most critical was the ALJ's conclusion that the medical evidence documented by the examiners did not support the examination report's conclusion (ECF No. 5-2 at PageID.45). The ALJ also noted that the examiners did not prescribe any treatment and that Plaintiff's given history included reporting that he was "engaging in physical activities such as kayaking and hunting" (*id.*). In sum, even putting aside the question of whether or not the psychological examiners were aware of Plaintiff's continued part-time employment, the report they produced is reasonably subject to the ALJ's treatment of it as "less persuasive." Thus, the Court agrees with the Magistrate Judge's ultimate conclusion that the ALJ's decision as to Plaintiff's residual functional capacity was supported by substantial evidence.

***Evaluation of Plaintiff's Subjective Testimony.*** Plaintiff's second argument on appeal was that the ALJ failed to properly evaluate his subjective symptoms. Specifically, Plaintiff

3

contended that the ALJ improperly (1) based his conclusions on a mischaracterization of Plaintiff's part-time work as strenuous and (2) failed to take into account Plaintiff's purported manipulation limitations (ECF No. 9 at 19–20). The Magistrate Judge rejected these arguments. In his objections, Plaintiff does not challenge the Magistrate Judge's conclusion as to his purported manipulation limitations. Plaintiff does reiterate his argument that the ALJ did not properly evaluate his subjective testimony (ECF No. 13 at 4).

Plaintiff's objection concerns the ALJ's observation that Plaintiff "continued to work part time at a strenuous job" (*id.*). The Magistrate Judge took the position that this observation was adequately supported by the aforementioned physician's record, in which the physician asserted that Plaintiff was working a seemingly strenuous, part-time manufacturing job (R&R, ECF No. 12 at PageID.2203 (referring to the physician's record (ECF No. 5-30 at PageID.1189))). In his objection, Plaintiff contends the physician's assertion "simply does not hold up to the evidence" (ECF No. 13 at 5).

Even assuming *arguendo* that the 2022 physician's record incorrectly stated that Plaintiff was working a manufacturing job—and even further assuming *arguendo* that the ALJ would not have otherwise used the term "strenuous" to refer to Plaintiff's uncontested part-time job at a furniture business (*see* ECF No. 5-2 at PageID.39)—the ALJ also provided additional rationale for his evaluation of Plaintiff's subjective testimony. In support of his conclusion that, even in light of Plaintiff's subjective symptoms, Plaintiff can perform light work with additional limitations, the ALJ reasoned in part that:

> Physical examinations note good strength in the upper and lower extremities. The claimant has a normal gait. The claimant is active and continues to work part time at a strenuous job. He continues to hunt from the ground with a crossbow, kayak, and ice fish, though he can no longer carry all of his equipment because of pain.

4

(ECF No. 5-2 at PageID.44).  Even if the Court would strike the word "strenuous" from this reasoning, the Court agrees with the Magistrate Judge's ultimate conclusion that the ALJ's decision as to Plaintiff's residual functional capacity was supported by substantial evidence.

In sum, Plaintiff's objections lack merit, and the Report and Recommendation is properly adopted as the Opinion of the Court.  For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Objections (ECF No. 13) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 12) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated:  October 31, 2024                               /s/ Jane M. Beckering
                                                                        JANE M. BECKERING
                                                                        United States District Judge